UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| SUNTRUST MORTGAGE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:13CV480 |
| ) | |
| KEY MORTGAGE SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter comes before the Court on a Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Key Mortgage Services, Inc. ("Key Mortgage") (Dk. No. 11). Plaintiff SunTrust Mortgage, Inc. ("SunTrust") seeks indemnification with respect to five home mortgage loans that Key Mortgage sold to SunTrust. Key Mortgage's partial motion to dismiss addresses only one of those mortgage loans, asserting that the action is time-barred under the parties' governing Loan Purchase Agreement ("LPA").

The Court will DENY the motion. The LPA's indemnification provision – and Key Mortgage's alleged breach thereof – creates a cause of action independent of Key Mortgage's alleged breach of specific, underlying "representations and warranties" as to the loans in question. Correspondingly, the LPA's five-year limitation for claims arising from a breach of such *representations and warranties* does not affect the viability of SunTrust's asserted cause of action: breach of the LPA's *indemnification* provision. SunTrust's stated cause of action alleges malfeasance distinct from a breach of an enumerated warranty, and is governed by a different limitations period and accrual date; unaffected by the timeliness objections raised by Key Mortgage, SunTrust's claim is timely and may proceed.

I.  **Statement of Facts**

SunTrust and Key Mortgage entered into their LPA in January, 2001, under which Key Mortgage agreed to sell mortgage loans to SunTrust. The LPA provided that Key Mortgage represented and warranted that each mortgage loan would fully comply with the terms of the LPA and SunTrust's requirements, to include underwriting and credit requirements.

Key Mortgage's partial motion to dismiss challenges SunTrust's claim as to only one loan, the "Ovitt Loan," which Key Mortgage sold to SunTrust on September 26, 2007. SunTrust subsequently sold that mortgage loan to Fannie Mae, which later notified SunTrust that the loan failed to meet underwriting standards. SunTrust investigated, and determined that Key Mortgage's documentation "did not meet underwriting guidelines." On December 23, 2011, SunTrust repurchased the loan from Fannie Mae pursuant to its contractual obligation to do so, incurring a loss that eventually totaled $230,129.33. SunTrust formally demanded Key Mortgage indemnify it for the loss on December 6, 2012. Key Mortgage refused, and SunTrust filed the instant action on July 25, 2013.

Several provisions of the LPA are at issue. First, § 17 ("Representations and Warranties with Respect to Mortgage Loans") comprises a lengthy list of assurances by Key Mortgage as to various aspects of the parties' mortgage loan purchase agreement. Key Mortgage makes these representations and warranties "as of the Purchase Date" of each individual mortgage loan. Section 17.3.1., specifically, represents that each mortgage loan "is in full compliance" with, inter alia, "all underwriting and credit requirements" of the parties' Agreement. Second, § 19 of the LPA comprises a "Survival of Representations & Warranties" provision,[1] stating that "all

---

[1] **§ 19. Survival of Representations & Warranties**: "All representations and warranties contained in this Agreement shall survive the purchase date for a period of five years (notwithstanding any earlier termination of this Agreement). All representations and warranties

representations and warranties contained in this Agreement" survive the Purchase Date for each individual mortgage loan for a period of five years.

Finally, § 22 ("Indemnity") addresses Key Mortgage's obligation to indemnify SunTrust in the event that SunTrust subsequently suffers any damages attributable to Key Mortgage's: (1) breach of any representation or warranty contained in the Agreement; (2) failure to disclose information rendering such representation or warranty inaccurate; (3) providing materially inaccurate or misleading information; (4) misrepresentations as to the mortgage loans; or (5) ownership of or actions related to the loans. (LPA, ¶ 22, *see infra* at n. 2).

SunTrust's complaint alleges a single count, Indemnification. SunTrust claims that Key Mortgage breached the LPA by breaching several of the warranties contained in § 17 (specifically, § 17.3.1.), and further, breached § 22's indemnification provision by failing to indemnify SunTrust against losses it incurred as a result of Key Mortgage's breach as to each of the five, above-listed alternative grounds for indemnification liability.

The Partial Motion to Dismiss contends that § 19 comprises a five-year limitation on actions grounded in a breach of representation or warranty (as contained in § 17), accruing on the date the parties entered into the Ovitt Loan: September 26, 2007. Because SunTrust's claim arises from an alleged breach of a representation (§ 17.3.1., compliance with underwriting standards), Key Mortgage argues, any attempt to enforce that representation must have commenced no later than September 25, 2012 – the last date on which that representation could be enforced; SunTrust's claim must therefore be dismissed as untimely.

SunTrust counters that Key Mortgage mischaracterizes its cause of action as grounded solely in an alleged breach of warranty or breach of representation; rather, SunTrust asserts, its

---

contained in this Agreement shall inure to the benefit of the Purchaser, its successors, affiliates and assignees, regardless of any review or investigation made by or on behalf of the Purchaser."

claim for breach of the indemnification provision relies on Key Mortgage's violation of several of § 22's alternative grounds for relief.

## II. Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a claim and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). When considering a motion to dismiss, the Court must accept all the complainant's factual allegations as true and resolve factual differences in that party's favor. *See De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991). Nevertheless, the Court need not accept the complainant's legal conclusions or any other unreasonable or unwarranted arguments as true. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008); *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). In addition, the complainant must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to overcome a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007)); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255–56 (4th Cir. 2009).

## III. Discussion

The parties' LPA, and the events that followed its adoption, give rise to two potential causes of action: (1) a breach of warranty claim, addressing a breach of a specific warranty made by Key Mortgage; and (2) a breach of indemnification claim, addressing Key Mortgage's failure to indemnify SunTrust according to the terms of the LPA's indemnification provision.

SunTrust asserts a cause of action predicated on the latter, alleging that Key Mortgage's failure to indemnify SunTrust after the mortgages in question caused SunTrust to suffer damages

constituted a breach of Key Mortgage's contractual duty to do so. The parties did not contract for a specific limitation period regarding breach of indemnification actions; therefore, Virginia law controls. The relevant statute provides a five year period of limitations, commencing upon the date of *injury*, rather than the date of the underlying contract. Key Mortgage's reliance on the contractually defined limitation period – the survival provision in § 19 – is misplaced, and irrelevant to the viability of SunTrust's cause of action. That section of the LPA, which operates as a limitations period for claims grounded in an alleged breach of warranty or representation, would effectively bar a cause of action premised solely on such allegations. SunTrust's complaint, however, asserts a breach of the LPA's *indemnification* provision, a different cause of action, governed by a different limitation period and a different tolling date.

**A. Section 22 creates Independent, Timely Bases for Breach of Indemnity Provision**

SunTrust's claim for breach of the indemnification provision survives a motion to dismiss because § 22 of the LPA establishes *independent* bases for a breach of that provision, separate and beyond 'breach of warranty' grounds.[2] Those independent grounds are not subject to the five year statute of limitations contained in § 19 of the LPA, nor governed by Virginia's general statutory rule regarding the accrual date for causes of actions sounding in contract; accordingly, SunTrust's indemnification claim is *not* barred as untimely.

---

[2] § 22. **Indemnity**: "Seller hereby agrees to indemnify, defend, and hold harmless Purchaser . . . . from and against any and all claims, losses, damages. . . . relating to, arising out of, based upon, or resulting from (a) a breach by Seller of any representation, warranty, term, condition or obligation contained in or made pursuant to the Manual, this Agreement *or any other agreement between Seller and Purchaser* relating to the purchase of mortgage loans, (b) a failure by Seller to disclose any information that renders any such representation or warranty misleading or inaccurate, (c) any materially inaccurate, incomplete, false or misleading information provided by or through Seller to Purchaser, (d) any misrepresentations made by or through Seller to Purchaser concerning any Mortgage Loan, or (e) Seller's ownership of or actions with respect to any Mortgage Loan." (emphasis added).

*1. Section 22 Creates Independent Grounds for a Breach of Indemnity Provision claim*

This Court, in reviewing a nearly identical indemnity provision, drafted by the same plaintiff in the same context, found that the indemnity provision in question established five independent grounds giving rise to a right to indemnification. Interpreting that indemnity provision ("Paragraph 15"), the Court held that the type of encompassing language contained in § 22(a) "provides a broad circumstance under which [the defendant] agrees to indemnify SunTrust—a breach of *any* representation or warranty made pursuant to the Agreement *or elsewhere*." *SunTrust Mortg., Inc. v. Am. Pac. Home Funding, LLC*, 2012 WL 6561728 (E.D. Va. Dec. 14, 2012) (emphasis included). The four alternative grounds that follow (§§ 22(b)-(e)), the Court continued, "describe more specific circumstances triggering indemnification . . . a proper reading of Paragraph 15 reveals that this paragraph creates *both* a remedy for the breach of other provisions and *also establishes independent bases for a breach.*" *Id.* (emphasis added). While SunTrust's indemnity cause of action may rely on many of the same facts that would support a breach of warranty claim, the Court cannot conflate two independent bases of action simply because they arise from or are related to the same alleged malfeasance. The parties' LPA creates and defines multiple grounds for an indemnification claim; *American Pacific* makes clear that SunTrust's inability to proceed under the breach of representation basis described in § 22(a) does not prevent it from doing so under the independent bases of action delineated in §§ 22(b)-(e).

Key Mortgage's argument that SunTrust's breach of indemnity provision claim cannot be divorced from a breach of warranty claim, then, "must fail" at this stage of the proceedings. *Id.*

Correspondingly, because SunTrust's cause of action does *not* depend on Key Mortgage's alleged breach of one of the enumerated "warranties or representations" contained in the LPA, that

6

contract's five-year limitation period for such breaches (as defined in the LPA's "Survival Provision"), does *not* apply to the instant action.[3]

### 2. Indemnification Claims Governed by Virginia Statutory Time Limits & Accrual Dates

Nor is SunTrust's breach of indemnity provision claim governed by Virginia's general statutory rule concerning the accrual date for causes of action on a written contract,[4] but rather by § 8.01-249(5), which provides that a cause of action for "contribution or for indemnification" accrues "when the contributee or the indemnitee has paid or discharged the obligation." *Lone Mountain Processing, Inc. v. Bowser Morner, Inc.*, 94 F. App'x 149, 157 (4th Cir. 2004); *see also Am. Pac. Home Funding, LLC*, 2012 WL 6561728, at *3. SunTrust's cause of action under the LPA's indemnification provision did not accrue until SunTrust suffered an injury, which it did when it reimbursed Fannie Mae on Dec. 23, 2011. SunTrust's cause of action asserting Key Mortgage's breach of the parties' contractual indemnity provision is therefore timely.

In sum, SunTrust's breach of indemnification claim relies upon allegations distinct from breach of warranty or representation; it is governed by a separate limitation period and accrual date than that contemplated by the parties' contract and argued by the defendant; and so it is accordingly unaffected by the temporal hurdles that Key Mortgage raises to bar a breach of warranty action.

---

[3] The LPA's "Survival of Representations and Warranties" provision creates a five-year statute of limitations for claims predicated on an alleged breach of *warranty*; under Va. Code § 8.01-246(2), that five-year limitation period accrues on the date that a cause of action arose on those warranties.[3] Here, SunTrust's ability to sue on a breach of warranty/representation accrued on the date of the Ovitt Loan's purchase, September 26, 2007. Were SunTrust to premise their cause of action solely on a breach of warranty theory, the LPA's limitation period would likely bar the action. As noted *supra*, however, SunTrust's asserted cause of action relies on independent grounds, and remains timely.

[4] *See* Va. Code Ann. § 8.01-246(2).

7

## IV. Conclusion

For the reasons set forth above, the Court DENIES the defendant's motion to dismiss.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

Date: November 6, 2013
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge